IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **NAKIA NICOLE JOHNSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:24-cv-0141-BP |
| § | |
| **COMMISSIONER OF** § | |
| **SOCIAL SECURITY,** § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

Nakia Nicole Johnson ("Johnson") applied for Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding she was not disabled. Johnson appealed. Finding no reversible error, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case **with prejudice.**

### I.   BACKGROUND

Johnson seeks SSI under the SSA, claiming disability status since March 8, 2022., Soc. Sec. Admin. R. (hereinafter "Tr.") 21. On June 2, 2009, Audrey Johnson applied for SSI on behalf of Nakia Johnson, who was a minor at the time. TR. 556. The Commissioner approved this claim and subsequently notified Johnson that further review would occur to determine whether her disability continued under the disability rules for adults. *See* TR. 467. By notice dated April 12, 2022, the Commissioner informed Johnson that she no longer was disabled as of March 8, 2022. Tr. 437, 467. This decision was upheld at the "CDR Pre-Hearing level" and "CDR Hearing level." Tr. 439-52. Johnson then received a hearing before Administrative Law Judge ("ALJ") Brock Cima, which was held on October 23, 2023. Tr. 33-47. By decision dated February 6, 2024, ALJ Cima determined that Johnson's disability ended March 8, 2022, and did not resume. Tr. 19-28.

In the decision, the ALJ found that Johnson had the following severe impairments since March 8, 2022: scoliosis, chronic pain syndrome, lumbar compression fracture, osteogenesis imperfecta, and sequelae of right elbow fracture. Tr. 21. The ALJ further determined that Johnson did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 22. The ALJ found that, since March 8, 2022, Johnson had the residual functional capacity ("RFC") to perform the full range of light-exertion work. Tr. 24. The ALJ determined Johnson did not have past relevant work ("PRW"), though she was deemed able to perform other work in accordance with 20 C.F.R. Part 404, subpart P, App'x 2, § 202.20. After the Appeals Council ("AC") denied review (Tr. 1-5), Johnson filed this civil action seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c). *See* ECF No. 1; *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (citing 20 C.F.R. § 416.1400(a)(5)) ("[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review.").

## II.   STANDARD OF REVIEW

Title XVI, 42 U.S.C. § 1381 et seq., of the SSA governs SSI in addition to numerous regulations concerning SSI. *See* 20 C.F.R. § 416 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to SSI, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 416.920. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 416.920(a)(4)(i). " 'Substantial gainful activity'

is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 416.972(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 416.920(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). Fourth, the impairments must prevent the claimant from returning to PRW. *Id*. § 416.920(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197-98; 20 C.F.R. § 416.920(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v.*

*Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 19-28. First, Johnson attained age 18 on May 12, 2020, and was eligible for SSI benefits as a child for the month preceding the month in which she became 18. *Id* at 21. Second, he found the following medically severe impairments: scoliosis, chronic pain syndrome, lumbar compression fracture, osteogenesis imperfecta, and sequelae of the right elbow fracture. *Id*. He found several non-severe impairments including hypertension and edema. *Id*. Third, he identified no impairment or combination of impairments that met a Listing. *Id.* at 22. He then assessed Johnson's RFC:

> After careful consideration of the entire record, the undersigned finds that since March 8, 2022, [Johnson] had the [RFC] to perform the full range of light work as defined in 20 CFR 416.967(b), meaning lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently, sitting up to 6 hours in an 8-hour day, and standing and/or walking up to 6 hours in an 8-hour day.

Tr. 24. Because Johnson had no PRW, the ALJ determined at step four that she could not perform PRW. Tr. 26. However, at step-five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Johnson could perform. Tr. 27. Ultimately, the ALJ determined that Johnson's disability ended on March 8, 2022, and she has not become disabled again since that date. *Id*.

Johnson argues for reversal of the ALJ's decision for two reasons. ECF No. 12. First, she claims that the ALJ failed to comply with 20 C.F.R. § 416.920c(b)(2) and did not support the decision with substantial evidence. *Id*. at 8. Second, she asserts that substantial evidence does not support the ALJ's evaluation of her subjective symptoms. *Id*. at 12.

### A. The ALJ applied correct legal standards when evaluating Dr. Harper and Dr. Rowland's opinions and the evidentiary record as a whole.

Johnson argues that "the ALJ did not comply with the regulatory requirements of 20 C.F.R. § 416.920c." ECF No. 12. However, an ALJ's RFC determinations are administrative assessments based upon the totality of the evidence. 20 C.F.R. § 404.1545. In conducting the RFC analysis, the Commissioner examines the whole record to determine the extent to which a claimant's alleged impairments prevent participation in meaningful work activities. *Id*. Although afforded great weight, the medical opinions of a claimant's physician are but one piece of a larger evidentiary puzzle. The statute's pledge to articulate reasons for the Commissioner's findings is a minimal due process requirement that does not impose specific obligations on the Commissioner beyond those the ALJ satisfied in this case in the detailed decision. *See* TR. 19-28.

The Court's task is not to scrutinize the Commissioner's findings nor evaluate their persuasiveness, but simply to ask if the ALJ employed the correct legal standards implemented to reach them. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. However adamantly Johnson disagrees with the Commissioner's findings, she has not presented evidence that they deviated

5

from the applicable legal standards. An ALJ may discount a medical opinion, in whole or in part, for good cause. 20 C.F.R. § 404.1520(c)(b)(2); *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000). Here, the ALJ considered the opinions of Drs. Harper and Rowland but decided that they were partially unpersuasive because of their inconsistency with treatment notes and the weight of contravening evidence in the record. Tr. 25.

The ALJ found that "the limitation to standing and/or walking up to 3 of 8 hours with only occasional postural activity is not consistent with clinical findings…." Tr 26. The ALJ goes on to cite various exhibits in the Record that conflict with the limitations described by Drs. Harper and Rowland. *See id*.

Johnson argues that the ALJ did not evaluate the medical opinions of Drs. Harper and Rowland for supportability and consistency. ECF No. 12 at 10-11. However, district courts in this circuit have held that the "[t]he ALJ's discussion of the persuasiveness of a medical opinion and the consistency and supportability factors is not confined to the specific discussion of the opinion itself but is considered in light of the entire [RFC] discussion and the evidence discussed [in the RFC]." *Keith S. v. O'Malley*, No. 1:23-cv-174-H-BU, 2024 WL 4329138, at *3 (N.D. Tex. Aug. 13, 2024) (citing *Garner v. Kijakazi*, No. 1:22-cv-563-DH, 2023 WL 1976713, at *5 (W.D. Tex. Feb. 13, 2023); *see also S.K. v. O'Malley*, No. 3:24-cv-092-BR, 2024 WL 2162777, at *5 (N.D. Tex. May 14, 2024). Additionally, the Fifth Circuit has held that "ALJs are no longer required to give controlling weight to a treating physician's opinion…" *Webster v. Kijakazi*, 19 F.4th 715, 719-20 (5th Cir. 2021).

Johnson fails to raise any error because, ultimately, the ALJ properly considered the opinions of Drs. Harper and Rowland and explained the reasoning behind the RFC finding (Tr. 24-26). Here, the ALJ provided an accurate and logical bridge between the evidence and the RFC

finding. *See Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (holding that the ALJ need not address all of the evidence, but must only "build an accurate and logical bridge between the evidence and the final determination"); *Governor v. Comm'r of Soc. Sec.*, No. cv 20-54-BAJ-EWD, 2021 WL 1151580, *10 (M.D. La. Mar. 2, 2021) (affirming the ALJ's decision because the court was able to "adequately trace[d] the path of [the ALJ's] reasoning").

Rather than nakedly rejecting the opinions of Drs. Harper and Rowland, the ALJ pointed to contravening evidence in the record upon which he based his decision. *See, e.g.*, Tr. 26, 104, 309-10, 811-12. Accordingly, the Commissioner's refusal to accord controlling weight to the opinions of Drs. Harper and Rowland did not amount to a deviation from the germane legal standard. Because the Commissioner's decision arose from the standard five-step analysis and the ALJ's consideration of the whole evidentiary record, it was the product of correct legal standards and must be affirmed.

      **B.**      **The ALJ properly considered Johnson's subjective complaints.**

The ALJ evaluates a claimant's subjective complaints using a two-part process. *Salazar v. Chater*, 74 F.3d 1236 (5th Cir. 1995) (citing 20 C.F.R. § 404.1529). First, "medical signs or laboratory findings" must show the claimant has a "medically determinable impairment that could reasonably be expected to produce [her] symptoms, such as pain." 20 C.F.R. § 404.1529(b). Second, the ALJ must "evaluate the intensity and persistence of [her] symptoms so that [he] can determine how [her] symptoms limit [her] capacity for work." *Id.* § 404.1529(c)(1). Here, the ALJ found the first part satisfied, but during the second part noted an inconsistency between Johnson's subjective complaints and the record as a whole. The ALJ determined that Johnson's impairments could cause her symptoms, but her "statements concerning the intensity, persistence, and limiting

effects of these symptoms" were not "entirely consistent with the medical evidence and other evidence in the record…." Tr. 24-25.

Johnson contends that the "ALJ's analysis of [her] subjective reports of symptoms lacks the support of substantial evidence" for his part-two finding, rendering it conclusory and unsupported. ECF No. 12 at 17. For part two, the ALJ considers "all of the available evidence," § 404.1529(c)(1), including medical opinions and evidence of factors relevant to a claimant's symptoms. *Id.* § 404.1529(c)(3). Johnson asserts that the ALJ erred because his "partial rejection of [her] subjective reports of symptoms is not supported by such relevant evidence as a reasonable mind might accept as adequate to support the partial rejection." ECF No. 12 at 17. However, the ALJ's decision shows that he considered such evidence.

For example, one factor he considered was "[t]reatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [her] pain or other symptoms." § 404.1529(c)(3)(v); *see also Bergeron v. Astrue*, No. H-08-2851, 2009 WL 3756915, at *6 (S.D. Tex. Nov. 5, 2009) (applying 20 C.F.R. § 404.1529(c)) (finding claimant's subjective complaints unsupported where "the records show[ed] very limited treatment for a mental disorder since the alleged onset date"). It appears undisputed that the ALJ explained that other than her 2012 spinal fusion surgery, Johnson had "no history of further surgery, steroid injections, medial branch blocks, radio frequency ablation, or medical need for an assistive device…" Tr. 25. The ALJ referenced treatment after a motor vehicle accident in January 2022 in which the computerized tomography revealed "burst fracture at L4 and a compression fracture at L5." *Id*. However, the ALJ also noted that Johnson's treatment was "non-operative management including pain management medication." *Id.*; *see also Coats v. Colvin*, No. 3:12-cv-4968-M-BK, 2013 WL

8

6052879, at *5 (N.D. Tex. Oct. 11, 2013) (Claimant's conservative treatment did not support her disability claims), *rec. adopted*, 2013 WL 6052879, at *1 (N.D. Tex. Nov. 14, 2013).

The ALJ also considered "[o]ther factors concerning [] functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(vii). He noted medical reports in which "there is little objective evidence in the record that shows [Johnson] exhibited significant difficulty using her extremities, loss of sensation, muscle weakness, or decrease in range of motion in her back or lower extremities, contrary to her continued complaints." Tr. 25. She had "normal range of motion and strength in her extremities. (Ex. 2F/7)." *See e.g*. Tr. 309, 310, 422, 426, 432, 661. Further, "[l]ongitudinal review of physical examinations of [her] extremities … generally yielded relatively benign results, including normal range of motion with no evidence of abnormal gait or assisted ambulation, throughout the relevant period. (Ex. 2F/7; 4F/7; 5F)." Tr. 25. Despite her complaints, the ALJ found an absence of functional limitations and restrictions that prevented Johnson from engaging in light work with standing and walking six of eight hours without postural limitations. Tr. 25

The ALJ also considered and discussed two medical opinions of record. *See* Tr. 24-26. Both opinions were largely consistent with each other. *See* Tr. 26. However, Dr. Harper determined that Johnson was no longer disabled. *See* Tr. 437. Dr. Rowlands's opinion, though largely consistent with Dr. Harper's, did not reach a determination on Johnson's disability status. *See*. Tr. 446; *see also Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (finding substantial evidence supported RFC determination partly where "no physician who examined [the claimant] pronounced her disabled"); *Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989) (finding claimant's complaints not credible partly where "[n]o physician stated that [the claimant] was physically

disabled"). As a result, the ALJ concluded that the weight of medical evidence did not support Johnson's subjective complaints.

An ALJ's "determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304 (Oct. 24, 2017). Here, the ALJ's decision contains reasons for the weight given to Johnson symptoms, is consistent with evidence in the record, and clearly articulate the ALJ's consideration of the evidence and conclusions. It also shows the ALJ's reliance on substantial evidence under 20 C.F.R. § 404.1529(c) in evaluating Johnson's complaints. Accordingly, reversal is not necessary on Johnson's second issue.

### IV.   CONCLUSION

Because the ALJ applied the proper legal standards and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case **with prejudice.**

It is so **ORDERED** on January 29, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE